UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLIVIA Y. JACKSON,

        Plaintiff,

v.                                      Case No.  8:11-cv-1545-T-27AEP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplement Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, I recommend the Commissioner's decision be affirmed.

## I.

### A.    Procedural Background

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 189-204).  The Commissioner denied his claims both initially and upon reconsideration (Tr. 58-69).  Plaintiff then requested an administrative hearing (Tr. 11).  Per her request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 32-57).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denying Plaintiff's claims for benefits (Tr. 14-31).  Subsequently, Plaintiff requested review from the Appeals Council, which

the Appeals Council denied (Tr. 1-5).  Plaintiff then timely filed a complaint with this Court (Dkt.

No. 1).  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born on September 30, 1961, claims disability beginning January 1,

1990 (Tr. 189, 198).  She later amended her disability onset date to January 1, 2007 (Tr. 35-36).

She has a high school education and a behavioral health tech certificate (Tr. 37-38).  Her past

relevant work experience includes dishwasher, greeter/customer service, cashier cook at fast food

restaurants, and childcare worker (Tr. 38-40, 53-54).  She alleges disability due to sleep apnea,

back pain, asthma, depression, hearing loss, vision problems, and high blood pressure (Tr. 40-41,

254).

After conducting a hearing and reviewing the evidence of record, the ALJ determined

Plaintiff had the following severe impairments: hearing loss, sleep apnea, asthma, degenerative

disc disease, obesity, and depression (Tr. 19).  Notwithstanding the noted impairments, the ALJ

determined Plaintiff did not have an impairment or combination of impairments that met or

medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1

(Tr. 22).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC")

to perform less than the full range of light work (Tr. 23).  Specifically, the ALJ found that

Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; sit for up to six

hours in an eight-hour workday; walk or stand up to six hours in an eight-hour workday;

occasionally climb stairs, bend, stoop, crouch, crawl, or balance; cannot climb ladders or

scaffolds, work at heights or with hazardous machinery, or operate a motor vehicle; must avoid

extremes in temperature and exposure to respiratory irritants and unventilated air; have occasional public and co-worker contact; rarely use the telephone; understand, remember, and carry out simple instructions; and make simple, work-related decisions (*id.*).   In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the aforementioned RFC (Tr. 23-24).

Considering her noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 24).   Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a garment sorter, glass checker, and silverware wrapper (Tr. 25, 55).   Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 25-26).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims.  *See* 20 C.F.R. §§ 404.1501, *et seq.*  These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity.  In such cases, the

Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.  These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids."  20 C.F.R. Part 404, Subpart P, Appendix 2.  If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969.  If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only.  20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient

reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues here that the ALJ erred because new, non-cumulative and material evidence exists that indicates Plaintiff meets the requirements of Listing 12.05 and therefore should have been considered by the ALJ. Namely, Plaintiff contends that a February 2011 psychological evaluation conducted by Dr. Richard Sorensen indicated that Plaintiff had an IQ score of 70 (Tr. 644-650). According to Plaintiff, this IQ score may have put her within the parameters for a finding of disability under paragraph C of Listing 12.05 and may have required a more restrictive RFC. Plaintiff thus contends that the ALJ should have considered the psychological evaluation in determining whether Plaintiff met Listing 12.05 and, if she met that Listing, considered the effect of such a finding on her RFC.

Plaintiff first submitted the psychological evaluation upon seeking review by the Appeals Council of the ALJ's unfavorable decision. When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)).

6

"Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand." *Id.* at 1269.  Under sentence four of 42 U.S.C. § 405(g), a district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  Review by a federal district court therefore requires consideration of evidence not initially submitted to the administrative law judge but considered by the Appeals Council in order to determine whether that new evidence renders the denial of benefits erroneous.  *Ingram*, 496 F.3d at 1258, 1262.

As noted, after the ALJ rendered her decision, Plaintiff submitted Dr. Sorensen's psychological evaluation to the Appeals Council.  *See* Tr. 1-5, 645-50.  Upon consideration of the materials, the Appeals Council denied review finding no basis for changing the ALJ's decision (Tr. 1-5).  The Appeals Council's decision to deny review did not constitute error given Plaintiff's failure to demonstrate that she met the other requirements of Listing 12.05.  Indeed, as the ALJ's decision indicates and as explained below, Plaintiff failed to show that she met or equaled the criteria for a finding of disability under Listing 12.05, thereby rendering the psychological evaluation, including the IQ score, immaterial.

Under the sequential evaluation process, a claimant may meet her burden of proving disability by demonstrating that she has an impairment that meets or equals one of the Listings and meets the duration requirement.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  To "meet" a Listing, a claimant must have a diagnosis included within the Listings and provide

medical reports documenting that the condition meets the specific criteria of the Listings as well as the duration requirement. *Wilson*, 284 F.3d at 1224. Stated simply, to "equal" a Listing, the claimant's medical findings must be at least equal in severity and duration to the listed findings. *Id.* That is, to show equivalence to a listed impairment, the claimant must present medical findings equal in severity to *all* of the specific medical criteria for that Listing. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990).

In this instance, Plaintiff alleges she meets or equals the requirements for Listing 12.05 and is therefore disabled. Listing 12.05 concerns mental retardation. The structure of Listing 12.05 differs from the listings of the other mental disorders in that

> Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If [a claimant's] impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that [the claimant's] impairment meets the listing. ... For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a "severe" impairment(s), as defined in §§ 404.1520(c) and 416.920(c). If the additional impairment(s) does not cause limitations that are "severe" as defined in §§ 404.1520(c) and 416.920(c), we will not find that the additional impairment(s) imposes "an additional and significant work-related limitation of function," even if [the claimant is] unable to do [his or her] past work because of the unique features of that work.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00A. In its introductory paragraph, Listing 12.05 defines "mental retardation" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05. Accordingly, to be considered for disability benefits under

8

Listing 12.05, a claimant must at least have (1) significantly subaverage general intellectual functioning, (2) deficits in adaptive functioning, and (3) manifested those deficits before age 22. *Humphries v. Barnhart*, 183 Fed. App'x 887, 889 (11th Cir. 2006) (citing *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)).  Under paragraph C of Listing 12.05, a claimant will be considered presumptively disabled if she meets the introductory definition of mental retardation and has a valid verbal, performance, or full scale IQ score of 60 through 70 and an additional physical or mental impairment imposing significant work-related limitations.  *Humphries*, 183 Fed. App'x at 889; 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05C.

The evidence of record presented before the ALJ indicates that Plaintiff did not meet or equal Listing 12.05.  Namely, Plaintiff failed to show she had significantly subaverage general intellectual functioning and deficits in adaptive functioning that manifested before age 22. Indeed, the record shows that Plaintiff completed high school and obtained a behavioral health tech certificate (Tr. 37-38).  By her own admission, she was an average student in school, graduated high school, and later attempted some college studies (Tr. 646).  Furthermore, nothing in the record indicates that Plaintiff enrolled in special education classes or required assistance due to any mental impairments throughout her education.  In fact, Plaintiff has never been diagnosed with mental retardation.  Instead, Plaintiff was able to complete her high school education, functioning as an average student, and later preformed work as a housekeeper, cashier, dishwasher, and occasional childcare worker (Tr. 38-40).  Furthermore, she reported knowing how to drive and performing a range of daily activities, including going grocery shopping, going to church, cooking, cleaning, reading, and grooming herself (Tr. 46-47, 541).  In addition, Dr.

9

Andrew Villamagna, Jr., consistently noted that Plaintiff was self-reliant in usual daily activities (Tr. 596, 602, 610, 614, 616).  Given Plaintiff's educational and occupational history as well as her activities of daily living, therefore, the ALJ properly found that Plaintiff did not have an impairment which met or medically equaled a Listing.

Even considering Dr. Sorensen's psychological evaluation, the evidence of record does not support a finding of disability under Listing 12.05.  As Dr. Sorensen's report indicates, Plaintiff obtained an IQ score of 70 (Tr. 645-50).  Absent evidence of a sudden trauma that can cause retardation, an IQ test creates a rebuttable presumption of a fairly constant IQ throughout life. *See Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001).[1]  An ALJ may rebut this presumption by evidence of a claimant's daily life. *Id.* at 1269.  Indeed, an IQ score within the range identified in Listing 12.05C is not conclusive of mental retardation where, as here, the IQ score is inconsistent with the other evidence of record. *Popp v. Heckler*, 779 F.2d 1497, 1499-1500 (11th Cir. 1986); *Humphries*, 183 Fed. App'x at 889.  As explained above, Plaintiff's daily activities and job history mitigate against a finding that she had significantly subaverage general intellectual functioning or deficits in adaptive functioning prior to age 22. *See Tindal v. Astrue*, No. 3:06-cv-1095-J-TEM, 2008 WL 725552, *7-*8 (M.D. Fla. March 17, 2008) (finding that an ALJ properly rebutted the presumption that Plaintiff's low IQ score indicated subaverage intellectual functioning initially manifested during her developmental period where the ALJ presented evidence that the plaintiff graduated high school through regular classes, had good

_____

[1]  In his evaluation, Dr. Sorensen noted that Plaintiff denied any history of head injury, stroke, seizure, or blackouts, indicating that Plaintiff did not have a traumatic event later in life that caused or exacerbated her purported mental retardation (Tr. 646, 649).

reading skills, maintained employment with steady income, and had past work experience as a cashier).

Moreover, Dr. Sorensen's report indicates that he conducted only an "abbreviated neuropsychological evaluation" given her physical discomfort and intolerance of the testing situation but does not indicate whether the IQ score he obtained based on this abbreviated evaluation was considered a valid score (Tr. 645, 467). Regardless, after conducting his abbreviated evaluation, Dr. Sorensen found that Plaintiff's results indicated that she measured in the low end of the borderline range of intellectual functioning and that she may not have had entirely normal intellectual functioning previously (Tr. 648). Notably, however, Dr. Sorensen did not diagnose Plaintiff with mental retardation. In fact, Dr. Sorensen opined that Plaintiff suffered from some significant limitations in her overall cognitive functioning, noting that the limitations likely pre-dated her drug use, but stated that he could not rule out with any certainty the possibility that any preexisting limitations were exacerbated by her cocaine dependence or impacted by her pain, respiratory insufficiency, or depression (Tr. 649).

Based on the foregoing, the ALJ applied the correct legal standards in determining that Plaintiff did not meet the requirements for a finding of disability under Listing 12.05, regardless of the findings in Dr. Sorensen's psychological evaluation, and the ALJ's decision is supported by substantial evidence. Furthermore, given the lack of material new evidence that would render the ALJ's decision erroneous, the Appeals Council appropriately denied review of the ALJ's decision.

**IV.**

Accordingly, for the foregoing reasons, it

RECOMMENDED:

1.  The decision of the Commissioner be affirmed.

IT IS SO REPORTED in Tampa, Florida, on this 10th day of August, 2012.


_____
ANTHONY E. PORCELLI
United States Magistrate Judge


**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*


Copies furnished to:
Hon. James D. Whittemore
Counsel of Record

12